**COURTLANDT PLACE HISTORICAL FOUNDATION, Appellant,**

v.

**Karl F. DOERNER, Appellee.**

No. 01–88–00952–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1989.

Rehearing Denied April 27, 1989.

Mark E. Lowes and James P. Moran, Bracewell & Patterson, Houston, for appellant.

Darlene Payne Smith and Daniel James Petroski, Baker, Brown, Sharman, & Parker, Houston, for appellee.

Before HUGHES, WARREN and DUNN, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from a temporary injunction ordering the appellant, Courtlandt Place Historical Foundation, to deactivate locks on automatic vehicular pedestrian gates at the ends of a private street and requiring that such gates remain open.

Courtlandt Place is a subdivision in Houston. Courtlandt Place resident Karl Doerner and Courtlandt Place Historical Foundation have sued each other over the Foundation's right to maintain and operate vehicle and pedestrian gates at either end of the one block long street running through the subdivision. The Foundation obtained an agreed temporary injunction against Doerner, restraining him from interfering with or damaging the east end vehicle and pedestrian gates. Doerner, claiming that the walls and gates violate

deed restrictions and his easement rights to travel over Courtlandt Boulevard, filed a counterclaim and sought a temporary injunction against the Foundation.

The trial judge granted Doerner's request for a temporary injunction and ordered the Foundation to open the automatic vehicular gates at the east entrance and to deactivate the locks on the pedestrian gates at the east entrance. From this order, the Foundation appeals.

The Foundation's sole argument is that the temporary injunction is defective because it fails to comply with Tex.R.Civ.P. 683's requirement that a temporary injunction order set forth the reasons for its issuance in specific terms. Texas Rules of Civil Procedure 683 provides: "Every order granting an injunction ... shall set forth the reasons for its issuance."

The disputed injunction in this case does not set forth any reasons for its issuance. It reads in part:

> [T]he Court having considered the pleadings, heard the arguments of counsel, and considered the applicable law, is of the opinion that KARL F. DOERNER, JR., is entitled to the relief requested. It is therefore,
> ORDERED, ADJUDGED AND DECREED that the Clerk of this Court is to issue a Temporary Injunction instructing Plaintiff/Counter–Defendant, COURTLANDT PLACE HISTORICAL FOUNDATION, ET AL., to cause the automatic vehicular gates at the Bagby Street entrance to remain open and be latched open and not to be closed for any purpose pending a trial on the merits in this case. Furthermore, COURTLANDT PLACE HISTORICAL FOUNDATION is ORDERED to deactivate the locks on the pedestrian gates at the Bagby Street entrance so that they remain unlocked and unrestricted to ingress and egress.

 A temporary injunction order is invalid if it does not state the reason why its issuance was necessary to prevent injury to the applicant. *E.g., University Interscholastic League v. Torres,* 616 S.W.2d 355, 357–58 (Tex.Civ.App.—San Antonio 1981, no writ); *Smith v. Hamby,* 609 S.W.

2d 866, 868 (Tex.Civ.App.—Fort Worth 1980, no writ); *Kees v. Medical Directors, Inc.,* 583 S.W.2d 475 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Stoner v. Thompson,* 553 S.W.2d 150 (Tex.Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.).

Doerner argues that the order is valid because he pled and introduced evidence to show that he had been falsely imprisoned and that the gates and walls constituted a continuing illegal interference with his rights of ingress and egress. Pleadings and testimony do not satisfy the requirement that the temporary injunction order must state the reasons for its issuance. For example, in *Stoner v. Thompson,* 553 S.W.2d at 151, the order recited in detail the court's reasons for believing that the applicant established a probable right to relief, and the order also stated the court's belief that the situation was "harmful." The appellate court held that the trial court's mere conclusion that the situation was "harmful" was an insufficient reason for the issuance of the temporary injunction.

Doerner also argues that the harm is shown by a provision in the injunction order that directs the Foundation to deactivate the locks on the pedestrian gates so that "they remain unlocked and unrestricted to ingress and egress." We overrule this contention. Rather than stating the harm, this provision simply details the act required by the injunction order.

Doerner also argues that the order is definite and precise enough to inform the Foundation of the acts prohibited without any need for reference to another document or speculation and interpretation on the part of the Foundation. We also overrule this argument. The Foundation does not claim that the order fails to comply with rule 683's provision requiring that the order "be specific in its terms" and "describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." The Foundation's complaint is directed at the order's failure to set forth the reasons for its issuance.

Finally, Doerner contends that the Foundation waived its point of error by failing to request findings of fact and conclusions of law. Although a party may seek detailed findings of fact and conclusions of law, it is not required to do so in order to challenge the validity of an order because it does not state a reason for its issuance. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W. 2d 549, 552 (1953). We hold that the error was not waived.

The Foundation did not file a motion for reconsideration or modification of the order. One court has found that the complaining party must first point out the facial inadequacy of the temporary injunction order to the trial court. *Emerson v. Fires Out, Inc.*, 735 S.W.2d 492, 494 (Tex.App.— Austin 1987, no writ). The supreme court, however, has held that the requirements of rule 683 are mandatory and must be strictly followed. If they are not strictly followed, the injunction order is subject to being declared void and dissolved. *Inter-First Bank San Felipe v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex.1986). Because the temporary injunction order fails to meet the requirements of rule 683, we hold that the order is void.

We sustain Courtland's point of error and order the temporary injunction order dissolved.