**Santiago MORENO, Appellant,**

v.

**BAKER TOOLS, INC., Baker Transworld, Inc., and Ernie P. Gaston, Appellees.**

**No. 01–90–00471–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 4, 1991.

Yocel Alonso, Houston, for appellant.

D. Mitchell McFarland, Craig L. Weinstock, Richard W. Staff, Lidell, Sapp, Zively, Hill & LaBoon, Houston, for appellees.

Before O'CONNOR, DUGGAN and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to determine whether the trial court abused its discretion when it temporarily enjoined[1] Santiago Moreno from pursuing any court proceedings in Ecuador. We hold it did. We declare the temporary injunction void and we order that it be dissolved.

### 1. The background

Santiago Moreno, an Ecuadorian national, filed a defamation suit in Harris County district court in 1989. In the suit, Moreno alleged that Baker Transworld, Inc. (BTI), Ernest P. Gaston, an employee of BTI (collectively the BTI–Gaston defendants), and other defendants, gave Moreno's employer, the Ecuadorian national petroleum company, Corporacion Estatal Petrolera Ecuatoriana (CEPE), certain documents and letters

---

1. A temporary injunction is an appealable order. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1991).

forged with his name. Moreno alleged the defendants libeled him, which led to his demotion and transfer from Houston to Ecuador. The other defendants in the defamation suit are top level management personnel of BTI, other subsidiary corporations, and employees of BTI's parent corporation, Baker Hughes, Inc. These entities use the same office space as BTI in Quito, Ecuador.

Moreno gave his deposition in Houston and later deposed Gaston in Ecuador. Using answers given by Gaston in that deposition, Moreno filed criminal perjury charges against Gaston in Ecuador. Moreno alleged that Gaston lied under oath when he said he had no legal connection to Baker Oil Tools, Inc. (BOTI) and had not transmitted the documents from BOTI to CEPE.

Moreno obtained an arrest order on March 29, 1990. That same day, Moreno, with two agents of the Servicio De Investigacion Criminal (SIC), an Ecuadorian police agency, went to the office building where Gaston worked. Moreno and the two officers went to arrest Gaston, but left without Gaston. Fearing for his safety, Gaston left Ecuador a few days later and went to Colombia. The arrest order was later revoked.

In the Harris County suit, BTI's attorney requested a temporary restraining order and temporary injunction to stop Moreno from taking any further legal actions in Ecuador. The trial court granted the temporary restraining order, and, after a hearing, granted the temporary injunction.

Because we dispose of this appeal by point of error three, we do not reach the issues in the other points of error.

## 2. The propriety of the order

In point of error three, Moreno claims that the trial court erred in granting the temporary injunction because the injunction order does not meet the requirements of Tex.R.Civ.P. 683. Moreno contends that the injunction order was not narrowly drawn, does not specify the type of action prohibited, and does not state the reasons for its issuance. The BTI–Gaston defendants, in their reply points one and seven,

say the injunction complies with all legal requirements and the injunction issued to stop Moreno from bringing vexatious, harassing, and coercive legal proceedings in foreign jurisdictions without first seeking leave of the trial court and showing good cause. The BTI–Gaston defendants also say the injunction gives Moreno fair notice of what actions are being restricted.

### a. The trial court's standard

▬▬ An injunction order must comply with the requirements of Tex.R.Civ.P. 683. It must set forth the reasons for its issuance, state specific terms, describe in reasonable detail the acts sought to be restrained, and include a specific date for a trial on the merits. An injunction designed to prevent harassment must give fair notice of what is being restricted and must not unduly impinge on the exercise of constitutional rights. *See, e.g., Kramer v. Downey,* 680 S.W.2d 524, 526 (Tex.App.— Dallas 1984, writ ref'd n.r.e.).

▬▬ The trial court has the discretion to grant or deny a temporary injunction. *Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex. 1981). The trial court *must* comply with rule 683. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex.1986). The trial court is not required to explain its reasons in the order for believing that the applicant showed a probable right to final relief, but the court must give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Hermann Hosp. v. Thu Nga Thi Tran,* 730 S.W.2d 56, 58 (Tex.App.—Houston [14th Dist.] 1987, no writ). If the trial court's order for a temporary injunction does not state reasons why injury will be suffered if the interlocutory relief is not ordered, we will declare it void and dissolve it. *Courtlandt Place Historical Found. v. Doerner,* 768 S.W.2d 924, 926 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Hermann Hosp.,* 730 S.W.2d at 58–59.

### b. The appellate court's standard of review

■ In reviewing the trial court's order on an injunction, unless we find the trial court clearly abused its discretion, we will not disturb the injunction. *Iranian Muslim Organization*, 615 S.W.2d at 208; *Philipp Bros., Inc. v. Oil Country Specialists, Ltd.*, 709 S.W.2d 262, 265 (Tex.App.—Houston [1st Dist.] 1986, writ dism'd). In this review, we will not substitute our judgment for that of the trial court's. *New Process Steel Corp. v. Steel Corp. of Texas*, 638 S.W.2d 522, 524 (Tex.App.—Houston [1st Dist.] 1982, no writ). Our sole function is to determine whether the trial court's action was so arbitrary it exceeded the bounds of reasonable discretion. *Id.*

■ In our review of an order granting a temporary injunction, we will draw all legitimate inferences from the evidence in a way to favor the trial court's judgment. *James v. Wall*, 783 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 1989, no writ). A trial court abuses its discretion when it misapplies the law to the established facts or when the evidence does not support the findings of probable injury or probable right of recovery. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975); *James*, 783 S.W.2d at 618.

### c. The injunction order

The injunction order, dated June 4, 1990, states:

The Court, having previously issued an Order dated May 2, 1990 on the Application for Temporary Injunction of Baker Transworld, Inc. in the above-referenced matter, hereby enters this Order *nunc pro tunc* (sic), in place of the Order of May 2, 1990:

Ordered that Plaintiff Santiago Moreno is hereby enjoined from harassing, intimidating, coercing, threatening or doing anything similar to induce, or pressure the Defendants or their agents or representatives to accede, settle, pay, concede or confess to judgment of the claim or claims alleged by the Plaintiff in this cause of action by taking any action, especially criminal action, or initiating any criminal proceedings or any other type of proceedings in any other forum, especially in Ecuador, without first coming to this Court and showing good cause to do the same; provided, however, that this Order shall not apply to any filings in any federal district court in these United States. It is further

Ordered that bond be posted in the amount of $10,000.00 for the protection of Plaintiff....

■ The order does not expressly state the reason the trial court issued the injunction, that is, to prevent Moreno from using proceedings in Ecuador to force the BPI–Gaston defendants into a settlement. We can surmise that that is the purpose of the injunction only if we look to the pleadings and the evidence.

During oral argument, counsel for the BTI–Gaston defendants admitted the order does not set forth the specific reasons for the issuance of the injunction. The BTI–Gaston defendants argued it was not necessary for the trial court to state the reasons for the injunction in the order and cited us to *State v. Cook United, Inc.* The *Cook United* case, however, involved the violation of a statute, not a factor here. The majority in *Cook United* held that it was not necessary for the order to contain the reasons because "The statute itself declares the injury." 464 S.W.2d at 107. As Chief Justice Calvert stated in his concurring opinion, *Cook United* should be limited to the facts in that case: an injunction on behalf of the State, granted to restrain the operation of a violation of a statute. *Id.*

The BTI–Gaston defendants also argued we can infer the reasons for the injunction from the pleadings, the evidence, and the court's oral pronouncement at the hearing. We cannot. Pleadings and testimony do not satisfy the requirement that the temporary injunction order must state the reasons for its issuance. *Courtlandt Place Historical Found.*, 768 S.W.2d at 925; TEX. R.CIV.P. 683.

We sustain Moreno's point of error three.