Barbara FASKEN, Appellant,

v.

Doyle DARBY and wife, Betty
K. Darby, Appellees.

No. 08–94–00165–CV.

Court of Appeals of Texas,
El Paso.

April 20, 1995.

Steven C. Kiser and Harper Estes, Lynch,
Chappel & Alsup, Midland, for appellant.

Bonnie C. Ericson, Seminole and Jim
Hund, McCleskey, Harriger, Brazill & Graf,
L.L.P., Lubbock, for appellees.

Before BARAJAS, C.J., and McCLURE
and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

Barbara Fasken appeals an order of the trial court granting a temporary injunction that requires her to place two oil pumping units she operates on Appellees' property in sub-surface cellars to accommodate Appellees' center-pivot circular irrigation system. We vacate the order of the trial court, dissolve the temporary injunction, and remand this cause for trial.

## I. SUMMARY OF THE EVIDENCE

Appellees are the surface owners of land in Gaines County, Texas, on which they operate a farm. Appellees acquired part of the land in 1974 and the remainder in 1979, and purchased at a time when the minerals were not under lease, although they were aware the mineral estate had been severed from the surface estate. Appellant, an oil and gas operator, subsequently acquired the mineral leasehold estate underlying Appellees' land. At the time Appellant acquired the estate, she was aware that Appellees farmed the surface and used a center pivot circular irrigation system in connection therewith.

Although the record is not clear, we have examined various references to the irrigation

system and have gleaned therefrom an adequate sense of its appearance and operation. The system appears to be similar to the one described in *Getty Oil v. Jones,* 470 S.W.2d 618 (Tex.1971). The system distributes water over a circular piece of land by means of a distribution system, one end of which is stationary and serves as the center pivot point, and the other end of which orbits the center at a fixed distance from it, creating a circular, 160–acre patch of irrigated land. The water-carrying equipment is positioned horizontally some nine feet off the ground supported by trestle-like structures, to the bottom of which are affixed wheels that make possible smooth travel over land. Rigid "sprinkler drops" hang down at regular intervals from the equipment carried by the trestles to actually emit water from a height of five feet.

Appellant first drilled on the irrigated circle in 1993, when she sunk what the parties refer to as well # 3. Appellant voluntarily placed the pumping unit for the well in an underground cellar to avoid interfering with Appellees' farming operations. In March of 1994, Appellant placed another well (# 4) on the property, this time installing an above-ground pumping unit that blocked the path of Appellees' irrigation system. Appellant then drilled another well on the property (# 6), proposing to place another pumping unit in the path of Appellees' irrigation equipment.

Appellant proposed two solutions. First, she offered to construct earthen ramps for the trestle wheels to travel over, which would presumably raise the elevation of the entire structure such that it would clear the pumping units. Appellees rejected this proposal, claiming that the sprinkler system would not clear the pump jacks even with the ramps, that the ramps would subject their equipment to unreasonable wear because the system was not designed to traverse steep inclines, and that the entire system would be endangered by contact with the pump jacks that would result from the inevitable erosion of the ramps by wind and rain. Second, Appellant offered to raise the elevation of the sprinkler drops so that they cleared the pumps or replace them with flexible hoses that could tolerate some contact with the pumps. Appellees rejected these modifications, claiming that both would alter the water distribution pattern and thereby affect crop yield and that neither would reduce the danger that the system would be destroyed by becoming entangled in the pump jacks.

Appellees thereafter sought and obtained a temporary injunction requiring Appellant to bury the pumping units in sub-surface cellars. After granting the injunction, the trial court granted Appellant's motion to suspend enforcement of the injunction pending this interlocutory appeal. *See* TEX.R.APP.P. 47; TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1995).

## II. *DISCUSSION*

Appellant attacks the order in a single point of error, claiming Appellees failed to satisfy their burden to show themselves entitled to the injunction. For the reasons shown below, we express no opinion on this precise issue. Appellant alternatively argues that the injunction is void because it fails to identify the reasons it was issued. With this latter contention, we agree.

A temporary injunction should only issue if the applicant pleads a cause of action and establishes a probable right on final trial to the relief sought and a probable injury in the interim. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993); *Sun Oil v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). "Probable injury" subsumes the elements of imminent harm, irreparable injury, and no adequate remedy at law. *Univ. of Texas Medical School v. Than,* 834 S.W.2d 425, 428 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Surko Enterprises v. Borg–Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.—Houston [1st Dist.] 1989, no writ). Thus, the applicant must show:

(1) a probable right to recovery;

(2) that imminent, irreparable harm will occur in the interim if the request is not granted; and

(3) that he has no adequate remedy at law.

*Sun Oil v. Whitaker,* 424 S.W.2d at 218; *Inex Indus., v. Alpar Resources,* 717 S.W.2d 685, 687–88 (Tex.App.—Amarillo 1986, no writ).

Once it examines the foregoing elements and decides to issue an injunction, the

trial court must state in the injunction the reasons why the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunction is not issued. TEX.R.CIV.P. 97(d); *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Univ. of Texas Medical School v. Than,* 834 S.W.2d at 428; *Moreno v. Baker Tools,* 808 S.W.2d 208, 210 (Tex. App.—Houston [1st Dist.] 1991, no writ); *Byrd Ranch, Inc. v. Interwest Sav. Ass'n,* 717 S.W.2d 452, 454 (Tex.App.—Fort Worth 1986, no writ). An injunction that fails to identify the harm that will be suffered if it does not issue must be declared void and be dissolved. *Moreno v. Baker Tools,* 808 S.W.2d at 210; *Hermann Hosp. v. Thu Nga Thi Tran,* 730 S.W.2d 56, 58 (Tex.App.— Houston [14th Dist.] 1987, no writ). This rule operates to invalidate an injunction even when the complaining party fails to bring the error to the trial court's attention. *Hopper v. Safeguard Business Systems,* 787 S.W.2d 624, 626 (Tex.App.—San Antonio 1990, no writ); *Courtlandt Place Historical Foundation v. Doerner,* 768 S.W.2d 924, 926 (Tex. App.—Houston [1st Dist.] 1989, no writ) (citing *Interfirst Bank San Felipe v. Paz Const.,* 715 S.W.2d 640, 641 (Tex.1986) (holding that "requirements of Rule 683 are mandatory and must be strictly followed")).

■ The injunction in the instant case does not comply with Rule 683 because it does not identify the harm that Appellees would have suffered if it had not issued. It reads in pertinent part:

> The Court considered the verified petition, the affidavits submitted by the parties, the evidence and argument of counsel. [Appellees are] entitled to the temporary injunction because the Court finds that [Appellees] had a circle irrigation system operating and in use upon [their farm]; that such use was [sic] prior to the drilling of Fasken wells No. 4 and No. 6; that Fasken buried well No. 3 located in the same . . . irrigation circle as wells No[s]. 4 and 6. Further, that [sic] Fasken has a means of

accommodating the circle irrigation system of [Appellees].

The injunction makes no effort to articulate how Appellees' use of their land will in any way be hindered by Appellant's continued surface activities.[1] A valid injunction must identify the probable interim injury Appellees will suffer. Moreover, because probable injury subsumes the elements of irreparable injury and no adequate remedy at law, a valid injunction must articulate the reasons why the identified probable injury is an irreparable one for which Appellees have no adequate legal remedy. Appellant's first point of error is sustained.

Having found that the temporary injunction at issue fails to comply with Rule 683, we vacate the order by which it issued, dissolve the temporary injunction, and remand this cause for trial on the merits.

■

1. We note that the injunction recites several facts relevant to showing that Appellees' can benefit from the accommodation doctrine, on which is based Appellees' probable right of recovery. Insofar as Appellees' predicate their entire claim on the accommodation doctrine, these recitations apparently are an attempt to show Appellees' probable right to final relief. Rule 683 does not require such a showing. *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971); *Moreno v. Baker Tools,* 808 S.W.2d 208, 210 (Tex.App.Houston—[1st Dist.] 1992, no writ).