

|  |  |  |
|---|---|---|
| DANBILL PARTNERS, L.P., | § | No. 08-19-00139-CV |
| Appellant, | § | Appeal from the |
| v. | § | 448th District Court |
| SAUL SANDOVAL AND VERONICA SANDOVAL, | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2019DCV0377) |

## **O P I N I O N**

Appellant, Danbill Partners, L.P., brings this appeal after the trial court enjoined them from foreclosing on a property whose rightful ownership is disputed. Appellees, Saul and Veronica Sandoval, brought a trespass to try title claim on the property, their primary home, they named Vanessa Maese, from whom they purchased the property, and Appellant, as a lienholder of the property. Appellant subsequently initiated foreclosure proceedings against Maese, to whom it sold the property some years earlier and who allegedly still owed money under a previous note, which was secured by the property. Following a hearing, the trial court granted a temporary injunction in Appellees' favor, which prohibited Appellant from foreclosing pending the outcome of a trial on the merits. This appeal followed.

## **BACKGROUND**

### *Factual Background*

Appellees' property is in Fabens, Texas, in El Paso County (the Property). The Appellees contracted with Vanessa Maese to purchase the Property on November 4, 2013. The Appellees

believed they were purchasing the Property in fee simple. The Appellees were subsequently informed Maese owed money on the Property under a note to Appellant. Accordingly, Appellees made payments on their note with Maese directly to Appellant.

On August 2, 2018, Appellees requested a payoff amount from Maese to refinance any amounts still owed to Appellant. The payoff Maese provided to Appellees included a ten percent prepayment penalty. Then Appellees requested a payoff directly from Appellant who refused to provide it. As a result, Appellees filed the instant lawsuit seeking to quiet title on the Property, and other claims related to their contract with Maese.

In their petition, Appellees allege a claim for trespass to try title against Maese and Appellant, arguing they performed their obligations under their contract with Maese. They also seek declaratory relief under the Texas Uniform Declaratory Judgment Act, asking the trial court to declare the contract between the Appellees and Maese valid and enforceable and request title to the Property to be transferred to them from Maese. They also assert breach of contract, quantum meruit, estoppel, and constructive trust claims related to their contract with Maese.

### Foreclosure and Application for Temporary Injunction

Following receipt of service of the Appellees' lawsuit, Appellant filed a notice of foreclosure and scheduled a sale of the Property on May 7, 2019. In response, Appellees filed an application for temporary restraining order, temporary injunction, and permanent injunction on April 23, 2019. In support, Appellees argued they never missed a payment under the terms of their agreement with Maese and were actively trying to negotiate a payoff of the amount Maese owed to Appellant. Appellees claimed if the foreclosure sale was not enjoined, they would be wrongfully deprived of their homestead property, on which they had improved the value and been led to believe was theirs in fee simple. They further argued there was no adequate remedy at law which

could compensate them for loss of the property through a foreclosure sale. Their application sought preservation of the status quo until their trespass to try title suit was finalized. Appellees attached affidavits to their application verifying the facts alleged and the harm they would suffer if the sale was not enjoined.

In its response to Appellees' application, Appellant alleged it was legally allowed to foreclose on the Property because of Maese's default on her loan with them. It argued Appellees had an adequate remedy against Maese under the contractual claims against her, which could still be pursued if Appellant could foreclose on the Property. Appellant argued Appellees would not be irreparably harmed because their claims could be adequately compensated with monetary damages. Finally, Appellant argued only a bond of $15,544.45—comprised of principal and interest due under Maese's note, plus attorney fees—would adequately protect Appellant if a temporary injunction was granted.

### Hearing on Application for Temporary Injunction

The hearing on both the application for temporary restraining order and temporary injunction was held on May 1, 2019. Appellees did not attend the hearing. The trial court ruled the application for temporary restraining order would be granted. Bond, payable by the Appellees, was set at $500. The trial court then proceeded with the hearing on the temporary injunction.

Appellant's first witness was Randy Bills. Bills is the manager of a company called Allimat, which is Appellant's general partner. Appellant manages loans on approximately seventy-two properties. Bills testified regarding the $20,000 promissory note between Appellant and Maese and confirmed the note contained a prepayment penalty. He testified there was no loan or other agreement between Appellant and Appellees, and Appellant's note for the Property was only between Appellant and Maese. Bills testified the note retained a vendor's lien on the Property.

3

Further, the note provided Appellant could declare the loan immediately due and payable if the Property was transferred or sold without obtaining Appellant's prior written consent. Bills confirmed Appellant was unaware and did not consent to Maese's transfer of the loan to Appellees. However, he stated it was not uncommon for a "client" to rent out a property and instruct the renter to pay Appellant directly.

Appellant's Exhibit 4 contained a list of the payments received on Maese's loan. Payments fell behind in late 2017; the January 2018 payment was applied to the amount due for October 2017. At that point, Maese was three months past due on her loan with Appellant.

In January 2019, Appellant sent Maese a Notice of Default and Intent to Accelerate letter, informing her that she would owe $1,421.62 in late payments and other fees by February 20, 2019. Appellant informed Maese they would not accept partial payments of the total amount due. Appellant testified on April 12, 2019, the property was posted for foreclosure and a notice of acceleration was sent to both Maese and Appellees.

On cross-examination, Bills averred he was unable to monitor whether Appellant's clients were selling its properties to third parties while the notes owed to Appellant remained outstanding. Bills prepares all of Appellant's loan documents. Appellant limits the number of loans it writes each year to comply with the Truth in Lending Act to avoid having to be licensed.

Bills, further, acknowledged Maese's notice of acceleration was sent to the wrong address, and accordingly, she may not have been aware of the loan acceleration. Bills also acknowledged the tax appraisal district listed Appellees as the title owners of the Property. Bills confirmed when Maese and Appellees executed the sale of the Property, which was then properly filed, Appellant was put on notice of the transfer of Maese's interest. However, Appellant did not accelerate Maese's note until Appellees requested a payoff amount of Maese's loan.

4

Maese testified in 2003 she signed a loan agreement for $20,000.00 with Appellant for the Property. She stated she did not remember whether the agreement allowed her to sell the Property, but confirmed she never sought Appellant's permission. When her husband died and she could not pay the loan, she sold the Property to Appellees. Maese was "about to lose the property" and wanted to sell it to avoid foreclosure.

Maese never received, nor had she seen, the notice of default Appellant sent for the Property. However, she was aware the loan payments were late. She received the notice regarding the foreclosure sale Appellant's counsel sent her in April of 2019. Maese was aware she was still obligated to Appellant on the note and had another loan outstanding with Appellant. Maese spoke to Appellees regarding the late payments and paying the past due amounts. At that point, Appellees retained an attorney to obtain the payoff amount directly from Appellant.

Maese believed Appellant knew another individual was paying on her note since Appellant was receiving payments by someone other than Maese. Maese stated she did not give Appellant notice of the sale of the Property.

## DISCUSSION

Appellant presents two issues on appeal: 1) Did the trial court abused its discretion in granting the temporary injunction; and 2) is the temporary injunction order defective in form and therefore void.

### *Standard of Review*

A trial court has broad discretion in whether to grant or deny an application for temporary injunction. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). An order granting injunctive relief should be reversed only where the trial court abuses its discretion. *Id.*, (*citing Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993)). A reviewing court's own judgment must not

5

be substituted for the judgment of the trial court except where the latter's action was "so arbitrary that it exceeded the bounds of reasonable discretion." *Id.*, (*citing Johnson v. Fourth Ct. of* Appeals, 700 S.W.2d 916, 918 (Tex. 1985); *Davis v.* Huey, 571 S.W.2d 859, 861-62 (Tex. 1978)); *see also Tri-Star Petroleum Co. v. Tipperary Corp.,* 101 S.W.3d 583, 587 (Tex.App.--El Paso 2003, pet. denied). Similarly, we must not resolve the merits of the underlying case. *Tri-Star Petroleum Co.*, 101 S.W.3d at 587, (*citing Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex.1978)). We likewise may not reverse the trial court's judgment where conflicting evidence was presented to the trial court but there is sufficient evidence in the record supporting the trial court's decision. *Tri-Star Petroleum Co.*, 101 S.W.3d at 587.

### *Issue One: Did the trial court abuse its discretion in granting the temporary injunction?*

As the Texas Supreme Court reiterated in *Butnaru*, the purpose of a temporary injunction is preservation of the status quo and is an extraordinary remedy. *Butnaru*, 84 S.W.3d at 204. Obtaining a temporary injunction requires pleading and proving (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) irreparable injury that is both probable and imminent if the relief is not granted. *Id.*

Appellant argues the trial court abused its discretion in four ways by granting the temporary injunction which mandates reversal: (a) the Appellees failed to meet their burden of proof, in part because they failed to put on adequate evidence; (b) Appellees failed to allege a valid cause of action against Appellant and failed to show a probable right to relief; (c) Appellees failed to demonstrate irreparable injury because they can seek monetary relief from Maese and have other adequate remedies at law; and (d) the temporary injunction bond of $500 does not adequately protect Appellant's interests.

We find the trial court did not abuse its discretion in granting the temporary injunction.

6

### (a) Does Appellees' alleged failure to adduce further testimony or evidence render the evidence insufficient?

Appellant correctly points out a temporary injunction may typically not issue on sworn pleadings or affidavits alone. *See, e.g., Millwrights Local Union No. 2484 v. Rust Eng'g Co.,* 433 S.W.2d 683, 686-87 (Tex. 1968). In *Millwrights*, the Texas Supreme Court determined the necessity of holding a hearing on whether an injunction should be granted necessarily means the trial court must consider, and the applying party must provide, evidence in support of its position. *Id.* at 687. However, where affidavits have been offered in support of an application for temporary injunction and the party opposing the injunction fails to object to reliance upon them, the party may not first raise the complaint on appeal. *See Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex.App.--Corpus Christi 2016, no pet.)(*citing Ahmed v. Shimi Ventures, LP*, 99 S.W.3d 682, 684 n.2 (Tex.App.--Houston [1st Dist.] 2003, no pet.)); *see also Tigua Gen. Hosp., Inc. v. Feuerberg*, 645 S.W.2d 575, 576 (Tex. App.--El Paso 1982, writ dism'd). We find it was proper for the trial court to rely on Appellees' affidavits attached to their temporary injunction application.

Appellant claims Appellees' failure to testify in their own behalf at the hearing and/or offer other witness testimony or documents beyond their contract with Maese is clear evidence they have not satisfied their burden of proof *vis à vis* a temporary injunction. However, Appellant's argument ignores Bills' and Maese testimony, direct and cross; numerous documents offered by Appellants; Appellees' affidavits and their contract with Maese.

We are not persuaded Appellees' absence from the hearing; the lack of their testimony or their alleged failure to offer additional witness testimony or more documents necessarily shows they failed to carry their burden of proof. The trial court was entitled to rely on the testimony of Bills and Maese, Appellees' affidavits, Appellees' contract and the additional documents included in the record. To the extent Appellant asserts the trial court lacked *any* evidence to grant the

temporary injunction, we disagree.

Next, turning to the question of whether the Appellees carried their burden of proof, we examine each of the three elements necessary to grant a temporary injunction.

### (b) Did Appellees allege a legitimate claim against Appellant and demonstrates a probable right to relief?

Appellant's argument on this sub-issue is Appellant is not in privity of contract with Appellees, and the contract claims alleged by Appellees only implicate their contract with Maese. However, Appellant's argument fails to address Appellees' primary claim, their trespass to try title against Maese and Appellant. To demonstrate a probable right to relief, a party does not have to prove it will ultimately succeed at trial on the issue in question. *See Savering v. City of Mansfield*, 505 S.W.3d 33, 39 (Tex.App.--Fort Worth 2016, pet. denied)(*citing Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 196 (Tex. 1964)). Instead, an applicant shows its probable right to recovery "by alleging a cause of action and presenting evidence tending to sustain it." *Id.*, (*citing Frequent Flyer Depot., Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 220 (Tex.App.--Fort Worth 2009, pet. denied), *cert. denied*, 559 U.S. 1036 (2010)).

A trespass to try title claim is the exclusive cause of action which may be brought to determine disputed issues of title on a piece of property. *See* TEX.PROP.CODE ANN. § 22.001. At trial, to succeed on their trespass to try title claim, Appellees will have to prove, "(1) a regular chain of title of conveyances from the sovereign to the plaintiff; (2) a superior title to that of the defendant out of a common source; (3) title by limitations; or (4) prior possession which has not been abandoned." *Vernon v. Perrien*, 390 S.W.3d 47, 54-55 (Tex.App.--El Paso 2012, pet. denied).

At the temporary injunction hearing, Bills testified the tax appraisal district listed Appellees as the record owners of the Property. Maese believed the Property was hers to sell, after Appellant had sold it to her. Maese asserted because Appellees had paid Appellant directly; Appellant was

8

aware someone other than Maese was residing on the Property. Appellant accepted Appellees' payments without objection. Further, the contracts between Appellant and Maese, and Maese and the Appellees, which were entered as evidence, document the chain of title of the Property. Appellees' affidavits averred they understood their purchase of the Property was made in fee simple. We find the evidence is sufficient to support the trial court's conclusion Appellees' possessed a probable right to relief on their trespass to try title claim.

**Did Appellees adequately demonstrate an irreparable injury?**

Next, Appellant alleges Appellees failed to demonstrate an irreparable injury because Appellees have adequate legal remedies against Maese and failed to present evidence supporting their claims of irreparable injury. Appellees counter the loss of their family home, including the improvements they have made to the home, constitute adequate evidence of damages which cannot be adequately quantified by monetary damages.

Irreparable injury is an injury whereby an injured party cannot receive adequate compensation in damages, or where the damage that is likely to result cannot be measured by a typical pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *see also Gulf Oil Corp. v. Walton*, 317 S.W.2d 260, 263 (Tex.Civ.App.--El Paso 1958, no writ). Money damages may not adequately compensate a party for loss of property if the property is "legally unique or irreplaceable." [Internal quotations omitted]. *Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex.App.--Corpus Christi 2016, no pet.). "Every piece of real estate is unique, and foreclosure can be an irreparable injury for which there is no adequate remedy at law." *Id.* Accordingly, it may be proper for a trial court to grant equitable relief when real property is at the heart of the dispute. *Butnaru*, 84 S.W.3d at 211.

In *Burkholder*, the Corpus Christi Court of Appeals considered the applicant's affidavit, in conjunction with other evidence provided at the hearing, in determining whether the trial court had an adequate basis on which to exercise its discretion to grant a temporary injunction halting

9

foreclosure on a piece of property. *Burkholder*, 504 S.W.3d at 492. The affidavit in *Burkholder* gave background on a property owner's dispute with his condominium association and summarized his dealings with them and their attempts to foreclose on his condo. *Id.* It also discussed the other evidence attached to his application. *Id.* The Corpus Christi court found,

> Taking the affidavit together with Wilkins's other record evidence, we conclude that Wilkins provided the trial court with a sufficient basis upon which to exercise its discretion. … Wilkins produced competent evidence that in the absence of an injunction, he faced the threat of foreclosure, through which he could irrevocably lose ownership of the bay-front real estate at issue. … It follows that by demonstrating the likely loss of unique property, Wilkins made the requisite showing that he faced irreparable injury for which there would be no adequate remedy at law[.] *Id.* [Citations omitted].

*Burholder*, 504 S.W.3d at 492.

Appellant claims Appellees fail to offer any evidence regarding the property's uniqueness or how monetary damages would not adequately compensate Appellees for any wrongdoing committed by Maese. However, Appellant ignores Appellees' affidavits, which we already determined were properly considered by the trial court in arriving at its decision to grant the temporary injunction. In Saul Sandoval's affidavit, he testifies regarding the impact of losing his family's home, describing the Property's sentimental value to him and his family. Likewise, Veronica Sandoval expresses a similar sentient about losing their home involuntarily. Additionally, and like the appellee in *Burkholder,* both affidavits contained testimony from Appellees, consistent with Bills' testimony, Appellant intended to foreclose regardless of Appellees' willingness and ability to pay Maese's outstanding indebtedness. Appellees' affidavits recounted of how they purchased the Property from Maese and their belief the purchase was made in fee simple. We find the circumstances of the instant case analogous to those in *Burkholder* and conclude Appellees have made the requisite showing that they faced an irreparable injury for which there would be no adequate remedy at law.

10

In its reply brief, Appellant cites to *In re Stark* from the Beaumont Court of Appeals in support of its contention inadequate evidence was offered by Appellees to show irreparable harm. *See In re Stark*, 126 S.W.3d 635, 640 (Tex.App.--Beaumont 2004, orig. mandamus). There, the Beaumont Court stated the inherent uniqueness of real estate, by itself, is not enough to prove monetary damages are inadequate compensation for the loss of a property. The *Stark* Court found the realtor had not provided any evidence of the sentimental value of the disputed property and absent that showing it was not unreasonable for the trial court to find he had an adequate remedy at law. *Id.* Here, the uniqueness of the real property is bolstered by the uncontradicted Appellees' sentimental value evidence of their Property. We find adequate evidence was presented to the trial court and supports its discretion in finding Appellees had no adequate remedy at law.

**Did Appellant properly preserve error on the adequacy of the $500 bond?**

Appellant maintains the trial court abused its discretion in setting a $500 bond. Appellant asserts their interests will not be adequately protected since over $11,000 is still owed under their note with Maese, in addition to late fees and attorney fees, which continue to accrue. Appellant contends the trial court erroneously set the bond at $500 under the faulty premise Appellees were indigent and the Property was their homestead. In support, it cites to *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 685-86 (Tex. 1990), which discusses a cause of action for wrongful injunction. In bringing such a claim, a claimant must establish the injunction was issued wrongfully and it seeks to recover on the bond set by the trial court. *Id.* "The purpose of the bond is to protect the defendant from the harm he may sustain as a result of temporary relief granted upon the reduced showing required of the injunction plaintiff, pending full consideration of all issues." *Id.* at 686. Appellant states because the bond is insufficient, the temporary injunction should be "reversed."

An inadequate bond in a temporary injunction is reviewed on a case-by-case basis for an abuse of discretion. *See Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 286 (Tex.App.--

11

San Antonio 2003, no pet.). However, complaints regarding the sufficiency of the bond set in an injunction cannot be raised for the first time on appeal. *See id.*, (*citing Ex parte Coffee,* 328 S.W.2d 283, 292 (Tex. 1959); *Matagorda County Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 104 (Tex.App.--Corpus Christi 2001, no pet.); *Speedman Oil Co. v. Duval County Ranch Co.*, 504 S.W.2d 923, 931 (Tex.Civ.App.--San Antonio 1973, writ ref'd n.r.e.); TEX.R.APP.P. 33.1). Our review of the record before us indicates Appellant never objected to the $500 bond set by the trial court in its verbal ruling at the hearing on the temporary injunction, or later when the order was issued. In addition, Appellant's brief does not cite to their objection in the trial court. Accordingly, we find this issue has not been preserved for appeal. *See Khaledi*, 126 S.W.3d at 286.

Having considered each subpart of Appellant's first issue, we overrule its first issue and proceed to our analysis of its second issue.

### *Issue Two: Is Temporary Injunction Void for Defects in Form?*

Appellant's second issue requires analysis of Rule 683 of the Texas Rules of Civil Procedure, involving the form and scope of an injunction or restraining order. *See* TEX.R.CIV.P. 683. It states,

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

TEX.R.CIV.P. 683.

In its second issue, Appellant claims the temporary injunction is void for defects in form,

for two reasons. Appellant first contend the temporary injunction order fails to specifically state what irreparable harm Appellees will face if the injunction was not granted; and second, the trial court's vacating of the trial date after the instant appeal was filed voids the injunction order because it violates Rule 683. Appellees disagree, relying on the language in the order discussing the imminent foreclosure on the Property as an adequate description of the imminent harm if the injunction was not granted.

### Does the temporary injunction order adequately state the irreparable harm Appellees would suffer?

First, we address whether the temporary injunction adequately states the irreparable harm Appellees would suffer if the temporary injunction was not granted.

The requirements set forth in Rule 683 regarding the form and contents of an order issuing a temporary injunction are mandatory and must be followed by the trial court. *Interfirst Bank San Felipe, N.A. v. Paz Const Co..,* 715 S.W.2d 640, 641 (Tex.1986). In a temporary injunction order, the trial court "must state in the injunction the reasons why the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunction is not issued." *Fasken v. Darby*, 901 S.W.2d 591, 593 (Tex.App.--El Paso 1995, no writ)*(citing* Tex.R.Civ.P. 97(d)); *see also State v Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971). An injunction lacking the requisite injury description is void and must be dissolved. *Fasken*, 901 S.W.2d at 593, (*citing Moreno v. Baker Tools*, 808 S.W.2d 208, 210 (Tex.App.--Houston [1st Dist.] 1991, no writ)).

Our sister court in Fort Worth offered the following examples where Texas courts found the language in an injunction order satisfied the description of irreparable harm to meet the requirements of Rule 683:

> [A]n order has been held sufficient to comply with rule 683 if it states that an act is being enjoined because the conduct '*would alter the status quo and tend to make a*

13

*final judgment in favor of appellees impossible or difficult to enforce*;' and, unless the conduct is deterred, the moving party 'would be without adequate remedy at law and ... the proposed construction, once completed and sold ... would materially affect the use and enjoyment by the [moving parties] of their property ...', … or that the injunction preventing the conduct was necessary to protect 'goodwill and business' and that the moving party 'would be harmed unless the temporary injunction were issued, *as the status quo could not be maintained without the injunction*', … or that the moving party '*will probably sustain irreparable injury* and damage to its business' if the conduct continues[.] [Emphasis added and internal citations omitted].

*Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454-455 (Tex.App.--Fort Worth 1986, no writ.).

Here, the injunction order includes the following language:

1. [Appellant] intends to foreclose on the Property located at 1264 Twig Street, Fabens, Texas 79838;

2. unless this restraint is ordered immediately, [the Appellees] will suffer irreparable injury immediately, because no other legal remedy can be obtained and effected before the injury occurs;

.        .        .

4. if [Appellant's] threatened conduct as described above is not enjoined during the pendency of this suit, [the Appellees] will be injured because: it will disrupt the status quo and likely render the [Appellees'] claim moot;

.        .        .

It is therefore ORDERED that a temporary injunction issue, operative until judgment is entered in this cause, enjoining [Appellant] from foreclosing on the Property[.]

The order in this case adequately states why the trial court found it proper to grant the injunction and why Appellees will suffer injury if an injunction is not ordered; namely, because Appellant intended to foreclose on the Property, which would disrupt the status quo and render Appellees' claim against Appellant moot. We find this language complies with the strict requirements of Rule 683 and consistent with other cases which have found the same. *See Byrd Ranch, Inc.*, 717 S.W.2d at 454-455, (*citing Fairfield v. Stonehenge*

*Ass'n Co.*, 678 S.W.2d 608, 611 (Tex.App.--Houston [14th Dist.] 1984, no writ); *Martin v. Linen Systems for Hospitals, Inc.*, 671 S.W.2d 706, 710 (Tex.App.--Houston [1st Dist.] 1984, no writ); *Gillen v. Diadrill, Inc.*, 624 S.W.2d 259, 264 (Tex.App.--Corpus Christi 1981, writ dism'd)(opinion on reh'g)).

**Did vacating the trial date pending appeal render the injunction order void?**

Finally, Appellant argues that because the trial court vacated the trial date pending this appeal, the order is void. In support, it cites Rule 683, which states in pertinent part, "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial." TEX.R.CIV.P. 683. Because the trial date set by the trial court in the order was subsequently vacated, Appellant claims the temporary injunction order is void.

On May 20, 2019, when notice of this appeal was filed, the temporary injunction order issued on May 6, 2019 contained a trial date of February 4, 2020. However, on June 12, 2019, while this appeal was pending, the trial court entered an order vacating the trial setting "*until the decision from the Court of Appeals is rendered.*"  [Emphasis in orig.].

As noted above, Rule 683 states: "The appeal of a temporary injunction *shall* constitute no cause for delay of the trial." [Emphasis added]. TEX.R.CIV.P. 683. Texas case law is settled that temporary injunctions which do not include a trial setting are void. *See Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Therefore, Appellant argues the order is void because the trial court abated the trial setting indefinitely pending their appeal in contravention of Rule 683.

Our analysis begins by determining whether we have jurisdiction to review the trial court's order resetting the trial date until the appeal is decided and did that order modify the temporary

15

injunction. For guidance, we look to *Ahmed*, while the case was on appeal, the trial court entered an order modifying the temporary injunction that was the subject of the appeal. *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 687 (Tex.App.--Houston [1st Dist.] 2003, no pet.). There, like here, neither party raised questions regarding the appellate jurisdiction to decide issues regarding the modification of the temporary injunction while the case was on appeal. However, as a threshold issue, we must address our jurisdiction to consider the trial court's order vacating the trial date after the temporary injunction order was rendered and likewise, the trial court's jurisdiction to enter an order modifying the injunction order pending appeal. *Id.* at 688, (*citing Brown v. Herman*, 852 S.W.2d 91, 93 (Tex.App.--Austin 1993, orig. proceeding)).

*Ahmed* provides a detailed analysis of appellate jurisdiction to review modified temporary injunction orders with which we agree. *See Ahmed*, 99 S.W.3d at 688-689. Appellate jurisdiction to review interlocutory orders is extremely limited, and Section 51.014, from which we derive our jurisdiction, must be strictly construed. *Id.* at 688; *see* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(4). Section 51.014 allows interlocutory appeals of orders "grant[ing] or refus[ing] a temporary injunction or grant[ing] or overrul[ing] a motion to dissolve a temporary injunction as provided by Chapter 65 [of the Texas Civil Practices and Remedies Code]." *Id.* As *Ahmed* discusses, an order modifying a temporary injunction is not precisely either of those orders discussed by the Legislature in Section 51.014(a)(4). *Id.* However, the First District construed Section 51.014(a)(4) as granting interlocutory review of orders modifying temporary injunctions because they are like the types of orders explicitly listed in Section 51.014(a)(4). *See id.* at 689, (*citing Toby Martin Oilfield Trucking, Inc. v. Martin*, 640 S.W.2d 352, 354-55 (Tex.App.-- Houston [1st Dist.] 1982, no writ). We find we have jurisdiction to review the trial court's order

16

modifying the trial date of the temporary injunction.[1] Further, the trial court's June 12, 2019 order vacating the trial date indefinitely is a modification of the May 6, 2019 temporary injunction order.

Next, we turn to whether the trial court can enter an order modifying the trial date of the temporary injunction order. "[The] modified order is valid if the trial court had jurisdiction to enter it during the interlocutory appeal." *Ahmed*, 99 S.W.3d at 689. While an interlocutory appeal is pending, a trial court has continuing jurisdiction to "make further orders, including one dissolving the order complained of on appeal[,]" and, "[i]f permitted by law … may proceed with a trial on the merits[;]" but may not make any order "interfer[ing] with or impair[ing]" the appellate court's jurisdiction or the "effectiveness of any relief sought or that may be granted on appeal." TEX.R.APP.P. 29.5(b). We have already determined we have jurisdiction to review the modified injunction order which incorporates the order continuing the trial date until the appeal is resolved. Accordingly, the sole remaining jurisdictional question is whether the order modifying the temporary injunction by continuing the trial date interfered with or impaired the effectiveness of the relief sought on or that may be granted in this appeal.

Appellant asks for two types of relief on appeal: to find the trial court abused its discretion in issuing the injunction at all; or, to find the injunction void for defects in form under Rule 683. The modification removing the trial date from the injunction order has no bearing on the merits of granting or denying the injunction in the first instance because it does not involve whether the injunction applicant pleaded and proved (1) a cause of action against the defendant; (2) a probable right to the relief sought; or (3) irreparable injury that is both probable and imminent if the relief is not granted. *See Butnaru*, 84 S.W.3d at 204. Additionally, the injunction order as modified does

---

[1] We acknowledge this issue is not settled among the intermediate courts of appeals. However, with no prior precedent out of this Court, we follow the analysis set forth out of the Houston and Dallas courts, among others. *See Ahmed*, 99 S.W.3d at 688-89; *Currie v. Int'l Telecharge, Inc.*, 722 S.W.2d 471, 472-73 (Tex.App.--Dallas 1986, no writ).

17

not interfere with or impair the effectiveness of Appellant's sought remedy - finding the injunction void for form defects. Accordingly, we find the trial court had jurisdiction to enter its order continuing the trial date.

The issue of error-preservation inevitably comes to mind in this scenario. The record does not indicate the complained-of error, the continuation of the trial date to a future uncertain date, was raised in the trial court. Does Appellant have a duty to raise this form defect issue with the trial court first before bringing this error? The answer is no. Our precedent binds us to decide the complained-of error regardless whether it was objected to or not. *See Fasken*, 901 S.W.2d at 593 ("[Rule 683] operates to invalidate an injunction even when the complaining party fails to bring the error to the trial court's attention."). However, we note the inefficiency this rule creates for all parties concerned when what could often be solved by a simple motion made to the trial court instead serves as an ace in the hole for an appellant to raise for the first time on appeal. *See Hoist Liftruck Mfg., Inc. v. Carruth-Doggett, Inc.*, 485 S.W.3d 120, 123-27 (Tex.App.—Houston [14th Dist.] 2016, no pet.)(Frost, C.J., concurring). Although the Texas Supreme Court has not explicitly adopted the error-preservation exception for Rule 683 defects, this Court and most of the other intermediate courts of appeals in Texas have adopted a bright line rule that Rule 683 defects render an injunction void ab initio, regardless of whether it is raised at the trial court level. *Id.* at 125-26.[2]

Here, the trial court's decision to modify the temporary injunction order by vacating the trial date indefinitely pending the resolution of this appeal, unfortunately, has the effect of

---

[2] We note, however, the Texas Supreme Court has held Rule 683 defects make an injunction order "subject to" being declared void ab initio, but has not gone so far as the intermediate courts of appeal to find such defects result in automatic dissolution. *See Hoist Liftruck Mfg., Inc.*, 485 S.W.3d 125-136,. (*citing InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) *and see Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000)). On the contrary, *InterFirst* and *Qwest* categorize Rule 683 defects as procedural defects, which our high court has routinely held must be preserved at the trial court level to be considered on appeal. *Hoist Liftruck Mfg., Inc.,* 485 S.W.3d at 125-26.

removing the trial setting from the injunction order. Absence of a date setting trial is a fatal defect for a temporary injunction order rendering the injunction order void. *See Fasken*, 901 S.W.2d at 593; *see also Qwest Communications Corp.*, 24 S.W.3d at 337. Therefore, the trial court's decision to vacate the trial setting indefinitely pending appeal transformed an otherwise valid temporary injunction order on May 6, 2019, and rendered it void because of the subsequent modification on June 12, 2019. Had the trial court merely continued the trial and set another trial date, the injunction order would be valid. The error was continuing the case indefinitely in contravention of Rule 683. Likewise, if the trial court sets a new trial setting, thereby modifying the injunction order once again, ostensibly, the temporary injunction order would assume its validity under Rule 683. Therefore, based on the record before us, we sustain Appellant's issue that the order continuing the trial date rendered the temporary injunction order void.

### CONCLUSION

We find the trial court did not abuse its discretion in granting the temporary injunction. However, the trial court's subsequent modification of the injunction order resetting the trial date until the appeal had been resolved caused the temporary injunction order to fall out of compliance with Rule 683 and rendered it void.

Having sustained Appellant's second issue, we vacate the order issuing the injunction, dissolve said injunction, and remand this cause for trial on the merits.


November 30, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.


19