Roger C. CHAPMAN, Appellant,

v.

MARATHON MANUFACTURING
COMPANY, Appellee.

No. 17470.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 4, 1979.

---

Chamberlain, Hrdlicka, White, Johnson & Williams, Larry A. Campagna, Houston, for appellant.

Vinson & Elkins, Ewing Werlein, Jr., Max Hendrick, III, Riddle, Murphrey, O'Quinn & Cannon, John O'Quinn, Houston, for appellee.

Before Coleman, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from an order of temporary injunction issued to preserve the trial court's prior and exclusive jurisdiction of a

suit filed by Marathon Manufacturing Company ("Marathon") against Delhi Properties, Inc., J. Dale Campbell, Rodney J. Verret, Sam W. Rankin, B. M. Rankin, Jr., and Roger C. Chapman ("defendants"). The trial court granted a temporary injunction preventing the defendants from prosecuting or taking any action in furtherance of the prosecution of a suit which they had filed against Marathon in St. Martin Parish, Louisiana. Roger C. Chapman alone has appealed from the order. Affirmed.

Marathon and the defendants, who were all the shareholders of IDI, Inc., a Texas corporation, entered into an agreement which provided for the acquisition by Marathon of all the issued and outstanding shares of common stock of IDI in exchange for common stock of Marathon. The stock exchange was to take place at Marathon's office in Houston, Texas, on September 15, 1978. Prior to that date, Marathon notified the IDI shareholders that it was terminating the agreement for cause.

On February 23, 1979, Marathon received notice that the defendants intended to institute suit against Marathon in a Louisiana state court, claiming that the termination of the agreement was wrongful and without cause, and seeking damages in the amount of $16,000,000. That same day Marathon commenced this action by filing its original petition seeking a declaration that Marathon was entitled to terminate the agreement because of the inaccuracy of certain representations and warranties by the defendants contained in the agreement, the defendants' inability to comply with certain conditions precedent in the agreement, and occurrence of material adverse conditions not contemplated by the agreement.

Thereafter, the defendants instituted two suits against Marathon. On February 26, 1979, Campbell, Verret and Rankin filed a complaint against Marathon in the United States District Court for the Western District of Louisiana, in which they alleged that Marathon breached the agreement by terminating it without cause and sought damages. On March 1, 1979, the defendants filed a petition against Marathon in the 16th Judicial Court, St. Martin Parish, Louisiana. This petition also alleges that Marathon breached the agreement by terminating it without cause and prays for damages.

On March 12, 1979, Marathon filed in this cause an application for an order for a temporary restraining order and, after a proper hearing, a temporary injunction. When the application for a temporary injunction came on for hearing only Robert C. Chapman actively appeared in opposition. The injunction was issued and this appeal resulted.

No findings of fact or conclusions of law have been filed. The evidence clearly demonstrates that the District Court of Harris County, Texas, is an appropriate forum for the resolution of the controversy. The agreement for the exchange of stock was executed by both Marathon and all the defendants in Houston. It provides that the closing of the transaction was to take place in the offices of Marathon in Houston. The company whose shares of stock are the subject of the agreement, IDI, Inc., is a Texas corporation. Marathon is incorporated under the laws of Delaware, but has its principal place of business in Houston. Chapman is a resident of Houston, Rankin is a resident of Dallas, Texas, and the corporate defendant, Delhi Properties, Inc., is incorporated under the laws of the State of Texas and maintains its principal office in Dallas. The other defendants are residents of Louisiana, but this action arises out of business done by them in Texas. None of the Louisiana defendants has appealed from the injunctive order. Chapman, the appellant, is a resident of Houston. In a meeting in Houston Marathon notified Chapman of its intention to terminate the agreement for cause. After the agreement was terminated, Chapman negotiated with Armco, Inc., in Houston, and IDI was subsequently acquired by Armco in a transaction closed in Houston. The trial court was entitled to conclude from the evidence presented that Harris County would be the most convenient forum for both parties because of the

availability of witnesses and documentary evidence.

■ In an appeal from a temporary injunction the merits of the underlying cause of action are not presented for appellate review. The appellate court is limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859 (Tex. 1978).

■ The principles of law involved when a trial court in Texas enjoins the prosecution of a suit in a foreign jurisdiction have been fully discussed by this court in *PPG Industries, Inc. v. Continental Oil Company,* 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref. n. r. e.). That case, and the cases cited therein, clearly support the action of the trial court in enjoining the prosecution of a suit subsequently filed involving the same controversy. We decline to depart from the principles of law discussed in PPG Industries to make an exception in this case merely because the plaintiff brought suit in Harris County at the time it did as a result of a notice of intention to file suit served on it by the defendants as authorized by procedural rules of the Louisiana court.

The appellant contends that the trial court erred in finding that it had subject matter jurisdiction in this matter because Marathon's petition failed to properly plead an action cognizable under the Uniform Declaratory Judgment Act, Article 2524–1, Tex.Rev.Civ.Stat. (1965). Chapman argues that there is no real dispute as to the existence or meaning of the contract, and that the only issues to be resolved are factual disputes. He asserts that under these circumstances a declaratory judgment is not the proper remedy.

■ The Uniform Declaratory Judgment Act empowers the courts "within their respective jurisdiction" to declare "rights, status, and other legal relations" arising under the contract. A justiciable controversy must exist before the court has jurisdiction to grant any relief, declaratory

or otherwise. *Sub-Surface Construction Company v. Bryant-Curington, Inc.,* 533 S.W.2d 452 (Tex.Civ.App.—Austin 1976, writ ref. n. r. e.). The district court lacks the power to render advisory opinions. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960).

■ To constitute a justiciable controversy for declaratory judgment purposes, there must be a real and substantial, rather than a theoretical, controversy involving a genuine conflict of tangible interests. *Sub-Surface Construction Company v. Bryant-Curington, Inc.,* supra; *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722 (1955). Once this is established it must appear that the matter in controversy is within the general jurisdiction of the court. *Great American Insurance Company v. Murray,* 437 S.W.2d 264 (Tex.1969). The evidence supports the district court's conclusion that it had subject matter jurisdiction of the declaratory judgment action.

Chapman also maintains that a declaratory judgment is not the proper remedy when the only issue to be resolved is a factual dispute. The issue presented to the trial court in this case is whether Marathon was justified in terminating the contract. To support its action in so doing Marathon has urged that the defendants have failed to comply with conditions precedent contained in the contract and that certain representations and warranties by the defendants found in the agreement are inaccurate. The contentions raise fact issues.

■ A court having jurisdiction to render a declaratory judgment has power to determine issues of fact, issues of state law, and issues of federal law if such questions be involved in the particular case. *United Services Life Ins. Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965).

The trial court had jurisdiction of the subject matter of the controversy and also had personal jurisdiction over Roger C. Chapman, the appellant. We are not persuaded that there has been a clear abuse of

discretion by the trial court in granting the injunctive relief. The judgment is affirmed.