**NEW PROCESS STEEL CORP., E. R. Fant, Inc. and S & S Alloys, Inc., Appellants,**

**v.**

**STEEL CORP. OF TEXAS, Appellees.**

**No. 01–82–0002–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 1982.

Richie & Greenberg and Susan D. Stein-fink, Houston, for appellants.

Bracewell & Patterson, William Key Wilde, Green, Sims, Vanof & Lee, Tom Sims, Houston, for appellees.

Before PRICE, WARREN and DUG-GAN, JJ.

PRICE, Justice.

This is an appeal from the denial of a temporary injunction that sought to prevent appellee from prosecuting a suit in Tulsa, Oklahoma involving substantially the same parties and the same issues.

New Process Steel (NPS) and Steel Corp. of Texas (SCOT) are both creditors of S & S Alloys, Inc. (S & S). E. R. Fant, Inc. is a holding company which, in January 1979, acquired all of the stock of S & S. E. R. Fant is the principal shareholder of E. R. Fant, Inc., and has control of NPS.

In January, 1978, S & S executed a $1,000,000.00 note to SCOT secured by all of the assets of S & S due to the previous debts owed to SCOT. Later in 1978, an alleged agreement was reached whereby NPS would purchase the stock of S & S. There were negotiations between the parties concerning the reorganization of S & S's debt to SCOT. The terms of the agreement that were allegedly finalized included: 1) cancellation of the $1,000,000.00 note; 2) release of mortgage liens upon real estate owned by S & S; 3) and a release of security interests in all inventory and accounts receivable owned by S & S.

Appellants filed suit in Harris County on August 16, 1979, alleging that SCOT had

refused to perform on the agreement. Appellee, Scot, maintains that Mr. Keifer, past president of SCOT, who negotiated the contract with NPS and S & S, did not have authority to do so, and filed suit in Tulsa, Oklahoma, on September 26, 1979, seeking recovery on the note and appointment of a receiver to prevent concealment of S & S's assets. On October 12, 1979, the trial court appointed a receiver. Since that time, appellants have twice sought a plea in abatement in the Oklahoma Court to abate that action. Both times the Oklahoma court denied the plea. Appellants thereafter filed an injunction proceeding in the 133rd District Court of Harris County to enjoin the appellee from proceeding with the Oklahoma suit. This injunction was denied by the trial court.

The appellants raise only one point of error alleging that the trial court erred in denying the request for injunctive relief. In claiming their right to an injunction as a matter of law, the appellants argue:

1) that the doctrine of comity dictates that the case should proceed to judgment in the jurisdiction which attached first;

2) that the denial of the injunction promotes a multiplicity of suits;

3) that they are irreparably harmed by the expense of litigating the case in Oklahoma since some witnesses reside in Texas and corporate records and books would have to be sent to Oklahoma;

4) that the doctrine of forum non conveniens dictates that the case would be more appropriately tried in Texas;

5) and finally that the existence of a receiver in Oklahoma would not prevent a determination by the Texas Court of the issues to be resolved, since a determination of those issues would in no way affect the receiver's powers or custody over the res.

■ Trial courts have broad discretion in granting or denying temporary injunctions. *Hartwell's Office World, Inc. v. Systex Corp.*, 598 S.W.2d 636 (Tex.Cr.App.—Houston [14th Dist.] 1980, ref'd n. r. e.).

The appellate court cannot substitute its discretion for that of the trial court; it has no independent discretion in reviewing an order. Our sole function is to determine whether there has been a clear abuse of discretion by the trial judge. *Texas Foundries v. International Moulders and Foundry Worker's Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). Here, as no findings of factor conclusions of law were filed, the trial court's judgment must be upheld on any legal theory supported by the record. In determining the sufficiency of the evidence as a matter of law to support the ruling of the trial court, we are obligated to disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, indulging every reasonable conclusion that is favorable to him. *Farmers Butane Gas Co., Inc. v. Walker*, 489 S.W.2d 949 (Tex.Civ.App.—Waco 1973, no writ); *Seamen v. Seamen*, 425 S.W.2d 339 (Tex. 1968).

The appellants first argue that the doctrine of comity dictates that the court in which jurisdiction attached first is the court which should be entitled to proceed to judgment.

■ Comity is not a rule of law but a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another. It operates not as a matter of obligation but only out of deference and respect. Thus, appellant is not entitled to the application of comity as a matter of right but only as a courtesy if the trial court in its discretion chooses. The failure to do so in the present case is neither error nor an abuse of discretion.

■ The appellants next argue that the denial of the injunction promotes a multiplicity of suits. They cite, as authority, several cases where Texas Courts have enjoined intrastate proceedings where there is a showing of vexatious litigation to prohibit the use of the judicial process for purposes of harassment. While this theory can be a ground for seeking such an injunction, we feel it is inapplicable here because the Okla-

homa court has possession and control over the property that is the subject matter of the suit by virtue of the appointment of a receiver. Also, as indicated by the statement of facts, there is a prior judgment pending appeal in the Supreme Court of Oklahoma involving the same parties and issues.

■ The appellants next assert that they are irreparably harmed by the expense of litigating the case in Oklahoma since some of the parties and witnesses reside in Texas and because corporate records necessary to the suit are located in Texas. The record indicates that there are witnesses in Oklahoma and Delaware as well as in Texas, and the property that is the subject of this suit is located in Oklahoma under the control of a receiver. Thus, the record does not reflect such a degree of expense and hardship on the appellants as to warrant a finding of an abuse of discretion by the trial judge in refusing to grant the injunction. Further, when a case involves forums which are adjoining across state lines, the questions of cost and expense are not paramount. *Barr v. Thompson,* 350 S.W.2d 36 (Tex.Civ.App.—Dallas 1961, no writ).

■ Appellants next ask this court to consider the doctrine of *forum non conveniens* to determine if the case should more appropriately be tried in Oklahoma even though that suit was filed after the Texas suit. They argue that the factors that make up *forum non conveniens* indicate that the case should be tried in Texas and the failure of the trial court to grant the injunction is an abuse of discretion. The factors to be considered in applying the doctrine are quoted in *Flaiz v. Moore,* 359 S.W.2d 872 (Tex.1962). Some of the factors mentioned are: 1) the private interest of the litigant; 2) the ease of access to sources of proof; 3) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; 4) the ability to give effective relief; 5) and whether foreign law must be applied to the facts of the case, and, if so, whether it is so dissimilar to the laws of this state as to be difficult or incapable of

enforcement here. The record reflects that the above factors are in large part, equally weighted between the two forums. There is nothing to indicate that the facts are so heavily weighted toward the Texas court as to warrant a finding of an abuse of discretion in denying the injunction. The witnesses were located in both forums. NPS and SCOT are both doing business in Texas. S & S Alloys, Inc., is an Oklahoma Corporation. Oklahoma has in rem jurisdiction. Texas has in personam jurisdiction. As previously stated, NPS and SCOT's records are in Texas. S & S's records are in Oklahoma. Therefore, the forum non conveniens doctrine is not a controlling doctrine in favor of either party.

■ Finally, appellants contend that the existence of a receiver in Oklahoma would not prevent a determination by the Texas court of those issues to be resolved, since a determination of those issues would in no way affect the receiver's powers or custody over the property. While this argument has merit, it in no way indicates that this constitutes a right to have the suit exclusively prosecuted in Texas. There is also case law which indicates that no disposition of the property could be made under a ruling from the Texas court without the consent of the court in which the receivership is pending. *First Southern Properties, Inc. v. Vallone,* 533 S.W.2d 339 (Tex.1976).

The appellants, in claiming that they are entitled to an injunction as a matter of law, cite as authority two cases: *PPG Industries, Inc. v. Continental Oil Co.,* 492 S.W.2d 297 (Tex.Civ.App.—Houston [1st Dist.] 1973, ref'd n. r. e.); and *Chapman v. Marathon Mfg. Co.,* 590 S.W.2d 549 (Tex.Civ.App.—[1st Dist.] 1979, no writ). Each case involved a suit originally filed in Harris County and one subsequently filed in Louisiana. The Harris County trial courts, in each case, granted an injunction to prevent the Louisiana suits from going to trial. The facts in *PPG Industries* and *Chapman* reflect that the Texas courts had both in personam as well as in rem jurisdiction but no issue of receivership. It was clear that the appellate courts in upholding these two

injunctions felt that in each situation Texas was the most convenient forum from the standpoint of the availability of witnesses and documentary evidence. In the instant case, as has been previously pointed out, no clear-cut situation exists.

It is said that the power to enjoin the prosecution of a suit in a foreign jurisdiction should be exercised sparingly, and not unless a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice. 43 C.J.S. Injunction § 49, p. 499. Here there is no clear equity and the trial court did not abuse its discretion by refusing to grant the injunction.

The judgment is affirmed.