

# NUMBERS 13-20-00390-CV and 13-20-00391-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUANITA MATILDE MARTINEZ,                                          Appellant,

v.

HAAS-ANDERSON CONSTRUCTION, LTD.,                                Appellee.

On appeal from the 148th District Court
of Nueces County, Texas.



# NUMBER 13-20-00567-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUANITA MATILDE MARTINEZ,                                        Appellant,

v.

HAAS-ANDERSON CONSTRUCTION, LTD.,
HAC EQUIPMENT, LTD., HAAS-ANDERSON
MANAGEMENT, L.C., AND ELENO CARDONA JR.,          Appellees.

## On appeal from the County Court at Law No. 1
of Nueces County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion on Rehearing by Justice Longoria**

On December 16, 2021, this Court affirmed the district and trial court's orders. *See*

*Martinez v. Haas-Anderson Constr., Ltd.*, No. 13-20-00567-CV, 2021 WL 5931031, at *1

(Tex. App.—Corpus Christi–Edinburg Dec. 16, 2021, no pet. h.). Appellant Juanita

Matilde Martinez has now filed an amended motion for rehearing. We deny the motion, withdraw our prior opinion and judgment, and substitute this opinion and judgment in their stead.[1]

In appellate cause numbers 13-20-00390-CV and 13-20-00391-CV, appellant challenges the trial court's orders: (1) denying her motion to strike factual allegations in her petition; (2) denying her plea to the jurisdiction; and (3) granting appellee Haas-Anderson Construction, Ltd.'s motion to declare appellant's marriage to Juan Martinez[2] valid. As a result of the declaration of validity of her marriage to Juan, Haas-Anderson Construction, Ltd., along with appellees Haas-Anderson Management, L.C., HAC Equipment, Ltd., and Eleno Cardona, Jr., filed a plea to the jurisdiction challenging appellant's ability to bring a wrongful death cause of action against them. Appellees' plea to the jurisdiction was granted and appellant's wrongful death cause of action was dismissed. Appellant challenges that order in appellate cause number 13-20-00567-CV. We affirm.

## I. PROCEDURAL HISTORY

Isaac Garcia, Jr. was killed in a motor vehicle accident. His adult children brought a wrongful death and survival suit against appellees in the Nueces County Court at Law Number 1 (county court). Appellant intervened in the suit, claiming to be the deceased's common-law spouse. The same day she intervened in the wrongful death and survival suit, appellant filed a separate suit in the 148th Judicial District Court of Nueces County (district court) seeking to declare her previous marriage to Juan void. Haas-Anderson

---

[1] Appellant also filed a motion for en banc reconsideration which we dismiss as moot.

[2] Juan Martinez, a real party in interest, did not participate in this appeal.

3

Construction intervened in her separate suit, seeking declaratory judgment that appellant's marriage to Juan was valid.

## A. Petition to Declare Marriage Void

In her petition to declare her previous marriage void, appellant alleged that she was seventeen years old at the time of the marriage and thus underage. She further alleged that there was no parental consent or court order granting permission for the marriage of an underage person. She requested the district court declare the marriage void pursuant to § 6.205 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 6.205 ("A marriage is void if either party to the marriage is younger than 18 years of age, unless a court order removing the disabilities of minority of the party for general purposes has been obtained in this state or in another state.").

Haas-Anderson Construction intervened, arguing that appellant's marriage was valid because she was relying on the wrong version of the Texas Family Code. Specifically, Haas-Anderson Construction contended that the controlling version of the family code was the version in effect at the time the marriage occurred, 1981, and that version provided in part that

> [t]he licensed or informal marriage of a person 14 years of age or older but under 18 years of age, without parental consent as provided in Section 1.52 or 1.92 of this code or without a court order as provided by Section 1.53 of this code, is voidable and subject to annulment on the petition of a next friend for the benefit of the underage party, or on the petition of the parent or the judicially designated managing conservator or guardian (whether an individual, authorized agency or court) of the person of the underage party. A suit filed under this subsection by a next friend must be brought within 90 days after the date of the marriage, or it is barred. A suit by a parent, managing conservator, or guardian of the person must be brought within 90 days after the date the petitioner knew or should have known of the marriage, or it is barred. However, in no case may a suit by a parent, managing conservator, or guardian of the person be brought under this subsection after the underage person has reached 18 years of age.

4

TEX. FAM. CODE ANN. § 2.41, Act of May 31, 1969, 61st Leg., R.S., ch. 888, sec. 2.41, 1969 Tex. Gen. Law 2707, 2719 (amended 1997) (current version at TEX. FAM. CODE ANN. §§ 6.102–.104). Accordingly, Haas-Anderson Construction argued that appellant could not void her prior marriage thirty-eight years after it occurred on grounds that she was underage. Haas-Anderson Construction filed a motion to declare appellant's marriage to Juan valid.

Appellant filed a plea to the jurisdiction arguing that Haas-Anderson Construction did not have standing to intervene in the dissolution of her marriage to Juan under either the Texas Family Code or the Uniform Declaratory Judgments Act (UDJA). She also moved to strike two paragraphs from her petition to declare the marriage void, specifically, the paragraphs that contained her date of birth and the date of the marriage.

The district court entered an order granting Haas-Anderson Construction's motion and found appellant's marriage to Juan to be valid. The district court denied appellant's plea to the jurisdiction and motion to strike factual allegations.

## B. Wrongful Death and Survival Suit

During the pendency of appellant's suit to declare her marriage void, appellees filed a plea to the jurisdiction in response to appellant's intervention in the wrongful death and survival suit. The plea argued that appellant lacked standing to sue for wrongful death or survival claims because she is not a legal heir of the deceased, nor was she the spouse. The plea argued that appellant, having been married to Juan at the time of the deceased's death, could not have been a common-law spouse as she alleged in her intervention. After the district court entered an order declaring appellant's marriage to Juan to be valid, appellees amended their plea in the county court to include the order,

5

arguing it precluded appellant from denying her marriage to Juan in the wrongful death and survival suit. Appellees reiterated their position on appellant's lack of standing and sought to have appellant's claims dismissed. The county court granted appellees' plea and dismissed appellant's claims.

These consolidated appeals followed.

## II.    VALIDITY OF THE 1981 MARRIAGE

Appellant contends the district court erred by: (1) denying her plea to the jurisdiction because (a) Haas-Anderson Construction lacked standing to intervene in her marital dispute, and (b) Haas-Anderson Construction's claim was not valid under the UDJA; (2) denying her motion to strike the requested factual allegations in her petition; (3) granting Haas-Anderson Construction's motion to declare the marriage valid because "the validity of the purported marriage license constitutes a genuine issue of material fact"; and (4) granting Haas-Anderson Construction's motion to declare the marriage valid pursuant to former § 2.41 of the Texas Family Code as it is unconstitutional as applied to minors.

### A.    Plea to the Jurisdiction

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject matter jurisdiction is a question of law. *Id.* at 226. Therefore, we apply a de novo standard of review to a trial court's ruling on a plea to the jurisdiction. *Id.*

6

Standing is a component of subject matter jurisdiction that courts review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). A plaintiff's lack of standing may be challenged through a plea to the jurisdiction, as well as other procedural devices. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. "Standing is a constitutional prerequisite to maintaining suit in either federal or state court." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio,* 283 S.W.2d 722, 724 (Tex. 1955)); *see also Sneed v. Webre*, 465 S.W.3d 169, 179–80 (Tex. 2015).

Appellant contends that a suit to declare a marriage void may only be brought in limited circumstances pursuant to § 6.307(a) of the family code. *See* TEX. FAM. CODE ANN. § 6.307(a) ("Either party to a marriage made void by this chapter may sue to have the marriage declared void, or the court may declare the marriage void in a collateral proceeding."). Accordingly, appellant argues that "the Legislature has conferred standing to bring a suit to declare [a] marriage void on limited persons under the Texas Family Code, the common law standing requirements do not apply, and a party must instead establish its standing under the appropriate statutory provision." Appellant also argues that Haas-Anderson Construction does not have standing to intervene under the UDJA.

7

Haas-Anderson Construction responds that § 6.307, titled "Jurisdiction to Declare Marriage Void," does not confer standing but rather sets forth the circumstances in which a court may declare a marriage void. Haas-Anderson Construction also contends that even if the section limited standing, the section is inapplicable in this case as the marriage at issue here was *voidable* not *void*. Lastly, Haas-Anderson Construction argues that it properly intervened under the UDJA.

### 1.    Section 6.307

Section 6.307 of the family code states:

(a) Either party to a marriage made void by this chapter may sue to have the marriage declared void, or the court may declare the marriage void in a collateral proceeding.

(b) The court may declare a marriage void only if:

(1) the purported marriage was contracted in this state; or

(2) either party is domiciled in this state.

(c) A suit to have a marriage declared void is a suit in rem, affecting the status of the parties to the purported marriage.

TEX. FAM. CODE ANN. § 6.307. If the statutory language is unambiguous, we will interpret the statute according to its plain meaning. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). No argument is made regarding ambiguity, and a plain reading of § 6.307 indicates no attempt to limit or confer standing, as suggested by appellant. Aside from the assertion that § 6.307(a) "confer[s] standing to bring a suit to declare marriage void on limited persons under the Texas Family Code," appellant offers no explanation for how or why, nor does she address intervening in a suit brought by the parties to the marriage. Appellant provides no authority, other than a citation to § 6.307, to support her position that only the parties to the marriage may be involved in a suit to declare it void.

8

*See* TEX. R. APP. P. 38.1(i). Accordingly, we overrule appellant's argument that Haas-Anderson Construction did not have standing to intervene under § 6.307.

### 2. UDJA

Appellant argues that the UDJA does not confer standing on Haas-Anderson Construction to intervene in her petition to declare her 1981 marriage void. Specifically, she argues that § 37.004(a) "address[es] who has standing to seek a declaration with respect to certain written instruments" and in this case there is no deed, will, ordinance, or franchise at issue." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). However, appellant's standing argument fails as it is clearly explained in § 37.003(c) that

> The enumerations in [§§] 37.004 and 37.005 do not limit or restrict the exercise of the general powers conferred in this section in any proceeding in which declaratory relief is sought and a judgment or decree will terminate the controversy or remove an uncertainty.

*Id.* § 37.003(c). As the Texas Supreme Court has explained, "[a] declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought." *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446). And in order "[t]o constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Id.* (citations omitted); *see Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020).

Here, Haas-Anderson Construction argues that a justiciable controversy existed regarding the outcome of the district court's determination of the validity of the 1981 marriage. Specifically, appellant was pursuing a separate cause of action against Haas-Anderson Construction, and others, that would hinge upon the validity of appellant's 1981

9

marriage. Because Haas-Anderson Construction was involved in litigation that could be resolved by the declaration it sought in intervening in appellant's suit, it argues it effectively had standing to intervene. We agree.

In its petition in intervention, Haas-Anderson Construction stated

[Haas-Anderson Construction] would show this Court that there is a justiciable controversy in this suit. [Appellant] and [Haas-Anderson Construction] sharply dispute whether [appellant's] marriage to Juan Martinez is in full force and effect, voidable or void under the applicable Texas statutes. The resolution of this controversy will determine whether [appellant] has legal standing to file suit and assert wrongful death and survival claims against [Haas-Anderson Construction] arising out of the death of Isaac Garcia. TEX. CIV. PRAC. & REM. CODE § 71.004 and § 71.021(b); *Villegas v. Griffin Industries*, 975 S.W.2d 745, 749 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied).

Haas-Anderson Construction sought a declaration that the 1981 marriage was valid and could not be voided. If its request for relief was granted by the district court, appellant would be unable to pursue a wrongful death or survival action against it, thus, meeting the general test set forth for standing. *See Tex. Air Control Bd.*, 852 S.W.2d at 446.

Appellant also contends that Haas-Anderson Construction was "attempting to misuse the UDJA to obtain a declaration of its non-liability to [a]ppellant in the separate tort action." Relying on three cases from the Texas Supreme Court, *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985), *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838 (Tex. 1990), and *In re Houston Specialty Ins. Co.*, 569 S.W.3d 138, 140 (Tex. 2019), appellant argues that Haas-Anderson Construction intervened in her suit to declare her marriage void with the sole intent to determine whether Haas-Anderson Construction owed her any tort liability in a separate action. In *Abor*, the Texas Supreme Court stated that: "the question presented is whether a potential defendant in a negligence action can choose the time

10

and forum for trial by beating the potential plaintiff to the courthouse and filing suit seeking a declaration of non-liability" under the UDJA. *See Abor*, 695 S.W.2d at 565. The Court held that a plaintiff should be given the "traditional right to choose the time and place of suit" and allowing a defendant to file an action under the UDJA to declare non-liability, and essentially beat the plaintiff to the courthouse, does not give the plaintiff that right. *Id.* at 566. In *BHP Petroleum* and *Houston Specialty*, the Texas Supreme Court renewed its holding explaining that it had "eschewed use of a declaratory judgment action to 'deprive the real plaintiff of the traditional right to [choose] the time and place of suit.'" 800 S.W.2d at 841 (quoting *Abor*, 695 S.W.2d at 566); 569 S.W.3d at 140 ("In the years since [*Abnor*], we have never recognized any exception or nuance to the rule that a potential tort defendant may not seek a declaration of nonliability in tort.").

The case before this Court varies from those cited by appellant, namely because here, Haas-Anderson Construction did not deprive appellant of her right to choose the time and place of suit, nor did it ask the district court to affirmatively rule on any of its defenses to liability in appellant's wrongful death action against it, instead, Haas-Anderson Construction argues it intervened in appellant's marriage validity suit "to ensure the proper law was applied in determining the status of [appellant's] marriage, which consequently affects her ability to carry *her* burden to establish her own standing to bring her wrongful-death claims." The validity of the marriage was brought to the district court by appellant, not Haas-Anderson Construction. Because Haas-Anderson Construction neither deprived appellant of her right to choose the time and place of suit, nor sought declaration of non-liablity in a tort action already pending before another court, we find that this case is distinguishable from those relied upon by appellant. *See Abnor*, 695

11

S.W.2d at 565; *BHP Petroleum*, 800 S.W.2d at 841; *Houston Specialty*, 569 S.W.3d at 140.

Accordingly, because Haas-Anderson Construction had standing to intervene and did not "misuse" the UDJA, the district court did not err in denying appellant's plea to the jurisdiction. We overrule appellant's first issue in appellate cause numbers 13-20-00390-CV and 13-20-00391-CV.

## B.    Motion to Strike

Appellant argues that the district court erred in denying her motion to strike certain factual allegations from her petition to declare her 1981 marriage void. She contends that § 6.402(c) of the Texas Family Code "requires factual allegations to be struck from pleadings in marriage dissolution cases" upon the party's own motion to do so. *See* TEX. FAM. CODE ANN. § 6.402(c) ("The court shall strike an allegation of evidentiary fact from the pleadings on the motion of a party or on the court's own motion.").

We review a trial court's ruling on a motion to strike for an abuse of discretion. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 727 (Tex. 2016); *Brenham Oil & Gas, Inc. v. TGS-NOPEC Geophysical Co.*, 472 S.W.3d 744, 754 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Without commenting on the merits of appellant's argument that the district court erred in denying her motion to strike, we note that even if the district court erred, appellant cannot show that any error probably caused the rendition of an improper judgment or prevented her from properly presenting the appeal. *See* TEX. R. APP. P. 44.1. Here, appellant sought to strike two facts from her pleadings that were relevant to her allegations: her date of birth and the date of her marriage to Juan. However, her date of birth and the date of her marriage were contained elsewhere in the district court's record,

12

including within appellant's proposed final order and decree declaring her marriage to Juan void. Appellant was claiming she was underage at the time of her marriage to Juan; both her date of birth and the date of the marriage, found within the record, are necessary to determine her age at the time she was married. Appellant, therefore, has not shown how the district court's failure to strike these allegations would have probably caused the rendition of an improper judgment or prevented her from presenting the case on appeal. *See id.* Accordingly, we overrule appellant's second issue in cause numbers 13-20-00390-CV and 13-20-00391-CV.

## C.     Genuine Issue of Material Fact

Appellant next argues that the district court erred in granting Haas-Anderson Construction's motion to declare the 1981 marriage valid because "the validity of the purported marriage license constitutes a genuine issue of material fact." Appellant argues that the marriage license, which she claims Haas-Anderson Construction used along with her original petition to support its claim of a valid marriage, fails to comply with the formalities under the family code and is therefore invalid. She states that neither her original petition nor the marriage license "conclusively establish the validity of [her] purported prior marriage . . ." and that because Juan admitted appellant was underage when they married without parental consent or court order, a question of fact arose as to the validity of the purported prior marriage. We disagree.

A court having jurisdiction to render a declaratory judgment has power to determine issues of fact, issues of state law, and issues of federal law if such questions be involved in the particular case. *United Services Life Ins. Co. v. Delaney*, 396 S.W.2d 855 (Tex. 1965); *see Chapman v. Marathon Mfg. Co.*, 590 S.W.2d 549, 552 (Tex. Civ.

13

App.—Houston [1st Dist.] 1979, no writ) Here, it is undisputed that appellant was underage at the time she married Juan in 1981; however, at the center of the dispute is whether the marriage was invalid because of appellant's age, or whether appellant waived her right to annul the marriage almost forty years later. While appellant challenges the validity of the marriage certificate itself to argue that her marriage to Juan was invalid, she and Juan, through his answer to her petition, do not dispute that they were married, they only seek to declare said marriage void. Accordingly, we do not agree with appellant that the validity of the marriage certificate is a question of fact, but rather, as the underlying facts are undisputed, we find the validity of the marriage to be a question of law that the district court was within its discretion to determine. *See id.* We overrule appellant's third issue in cause numbers 13-20-00390-CV and 13-20-00391-CV.

## D.    Section 2.41

By her fourth and final issue in cause numbers 13-20-00390-CV and 13-20-00391-CV, appellant contends that the trial court erred in finding the 1981 marriage to be valid under § 2.41 of the Texas Family Code as enacted in 1981 because the section is "unconstitutional as applied to minors." She argues, in part, that § 2.41 violates the "open courts" provision as applied to minors because it "abrogates a minor's right to have declared void an underage marriage that occurred without parental consent or court order." Article I, § 13 of the Texas Constitution states: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision prohibits the legislature from abrogating or unreasonably restricting a litigant's right to seek redress by way of a well-established common law cause of action. *See Rose v. Doctors Hosp.*, 801 S.W.2d 841,

14

843 (Tex. 1990); *Capellen v. Capellen*, 888 S.W.2d 539, 545 (Tex. App.—El Paso 1994,

writ denied).

> The "open courts" provision, however, does not apply to suits for divorce because they are not common law causes of action, but rather statutorily created and regulated proceedings. *Capellen*, 888 S.W.2d at 545–46 (holding "[b]ecause suits for divorce . . . are not common law causes of action, but are statutorily created and regulated proceedings designed to meet the changing desires and needs of the people in a dynamic society, the 'open courts' provision has no application"); *see Gowin v. Gowin*, 292 S.W. 211, 214 (Tex. 1927) (holding that the grounds for divorce are dependent upon the sovereign will, and the state may at any time take away that right entirely or change the conditions of its existence).

*Waite v. Waite*, 64 S.W.3d 217, 222–23 (Tex. App.—Houston [14th Dist.] 2001, pet.

denied). Because appellant's petition to void her 1981 marriage is a statutorily created

proceeding, we overrule appellant's "open courts" challenge to § 2.41 of the Texas Family

Code in cause numbers 13-20-00390-CV and 13-20-00391-CV.

### III.    WRONGFUL DEATH AND SURVIVAL SUIT

In cause number 13-20-00567-CV, appellant challenges the trial court's granting

of appellees' plea to the jurisdiction, ultimately dismissing her wrongful death and survival

suit against appellees. By three issues, appellant argues that the trial court erred by

granting appellees' plea to the jurisdiction because: (1) appellees' plea failed to comply

with Rule 93 of the Texas Rules of Civil Procedure; (2) appellees failed to meet their

burden to prove the validity of the 1981 marriage; and (3) the former Texas Family Code

§ 2.41 is unconstitutional as applied to spouses married as minors.

As we have already determined that the district court did not err in granting Haas-

Anderson Construction's motion to declare the 1981 marriage valid, and we have

overruled appellant's "open courts" challenge to § 2.41 of the Texas Family Code, we

decline to address those issues further herein. Accordingly, appellant's second and third

15

issues in cause number 13-20-00567-CV are overruled. We turn now to appellant's remaining issue.

## A.     Texas Rule of Civil Procedure 93

Rule 93 of the Texas Rules of Civil Procedure states in part: "a pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit." *See* TEX. R. CIV. P. 93. She specifically alleges that appellees attacked her legal capacity to sue, which is governed by rule 93. *See id.* Without addressing whether appellees were challenging standing as they argue or capacity as argued by appellant, we find appellant's argument unpersuasive. Rule 93 only requires verification "unless the truth of such matters appear of record," which appellant argues it does not. Appellant's argument as it relates to the truth of such matters is that appellees attached the marriage license to their plea to the jurisdiction, and because she alleges this document was in dispute, her capacity was not apparent from an "uncontroverted and unambiguous record." However, even if that were true, appellees also included as evidence the district court's order granting Haas-Anderson Construction's motion and finding that appellant's 1981 marriage to Juan was valid. The district court's order inserts the truth of the validity of the marriage into the record. Relying on the doctrine of res judicata, appellees argued that the district court's order precluded appellant from "denying the validity of her marriage to [Juan] in the wrongful death suit."

### 1.     Res Judicata

Res judicata, or claim preclusion, bars the relitigation of claims that have been finally adjudicated or arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex.

16

1996). For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

Appellant challenges the first and second elements of res judicata. However, we have already found there to be a prior final judgment validating appellant's marriage to Juan, and therefore, we find that the first element is met. As to privity, appellant argues that appellees HAC Equipment, Haas-Anderson Management, and Cardona lack privity with appellee Haas-Anderson Construction. An analysis to determine whether a person is in privity with a party to a prior judgment begins by examining the interests the parties shared. *Id.* at 653. Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation. *Id.* "Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts." *Gaughan v. Spires Council of Co–Owners*, 870 S.W.2d 552, 555 (Tex. App.—Houston [1st Dist.] 1993, no writ).To determine whether a prior and later lawsuit involve the same basic subject matter, we focus on the factual basis of the complaint. *Barr v. Resol. Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992).

Under the foregoing standards, we consider whether appellees HAC Equipment, Haas-Anderson Management, and Cardona were in privity with appellee Haas-Anderson Construction, such that res judicata bars appellant's wrongful death and survival suit. Appellant argues that there is no privity because HAC Equipment and Haas-Anderson Management have both alleged they are improper parties to the wrongful death and survival action and have denied existence of a joint venture with Haas-Anderson

Construction. However, we fail to see how this affects the basis of appellant's suit against these appellees. Appellant is suing all appellees under a claim of wrongful death and survival, alleging that she is the common-law spouse of the deceased. Her suit fails against all appellees because the district court's order validating her marriage to Juan precludes her from alleging a common-law marriage in the wrongful death and survival suit. Because the very basis of appellant's suit against all appellees, not just Haas-Anderson Construction, involves the same underlying issue as previously determined in the district court, we conclude appellees HAC Equipment, Haas-Anderson Management, and Cardona are in privity with the original parties. *See Amstadt*, 919 S.W.2d at 652; *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied).

Because we have determined that res judicata barred appellant from claiming to be the deceased's common-law spouse and thus bringing a wrongful death or survival suit against appellees on behalf of the deceased, we overrule her third and final issue in cause number 13-20-00567-CV.

## IV. CONCLUSION

We affirm the district court's orders in cause numbers 13-20-00390-CV and 13-20-00391-CV denying appellant's plea to the jurisdiction, denying appellant's motion to strike factual allegations, and granting Haas-Anderson Construction's motion to declare the marriage valid. We also affirm the trial court's order in cause number 13-20-00567-CV granting appellees' plea to the jurisdiction.

NORA L. LONGORIA
Justice

Delivered and filed on the
24th day of February, 2022.

18